IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>HIGH-TECH MECHANICAL, INC., An Illinois Corporation, d/b/a HIGH TECH MECHANICAL, INC.<br><br>　　　　　Defendant. | No.<br><br>Judge<br><br>Magistrate | FILED: APRIL 25, 2008<br>08CV2376 EDA<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE VALDEZ |

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, HIGH-TECH MECHANICAL, INC., an Illinois corporation d/b/a HIGH TECH MECHANICAL, INC., as follows:

　　1.　　(a)　　Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, HIGH-TECH MECHANICAL, INC. d/b/a HIGH TECH MECHANICAL, INC., (**"High Tech"**) is an Illinois corporation and is doing business within this Court's jurisdiction.

(b)    **High Tech** is an employer engaged in an industry affecting commerce.

5.    **High Tech** has entered into a memorandum of agreement which binds it to a collective bargaining agreement with Local 501 pursuant to which it is required to make

periodic contributions to the Funds on behalf of certain of its employees. (See copy of memorandum of agreement attached hereto as Exhibit "1")

    6.    By virtue of certain provisions contained in the collective bargaining agreements, **High Tech** is bound by the Trust Agreement establishing the Funds.

    7.    Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **High Tech** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

    8.    Plaintiffs are advised and believe that for the period May 1, 2007 through present, **High Tech** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

    9.    An audit by the Plaintiffs' accountant of the books and records of Defendant, **High Tech**, is necessary in order to determine any further amounts the Defendant, **High Tech**, owes to the Plaintiffs for the period from May 1, 2007 to the present.

    10.    Due to its failure to pay the contributions, **High Tech** is further obligated to pay contributions in an amount shown to be due under an audit.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.　　That Defendant be ordered to submit the books and records of the Defendant to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from May 1, 2007 to the present.

B.　　That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C.　　That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D.　　That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E.　　That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F.　　That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

1-8.　　Plaintiffs repeat and reallege Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count II.

9.　　The Trust Agreement states that contributions not received within the period established by the Trustees of the Funds shall be assessed liquidated damages of at least 10% of the contribution amounts due per month. The Trustees have established the

15th day of the month following the month in which hours were worked for which contributions are due. (See page 8 of Trust Agreement attached as Exhibit "2")

10. The Trust Agreement further states that the signatory employers "acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of [their] delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain." Further, the "Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessary of any additional proof thereof." (See page 8 of Trust Agreement attached as Exhibit "2")

11. Plaintiffs are advised and believe that **High Tech** has been late on multiple occasions in its monthly contributions since at least the work month of May 1, 2007. The total known liquidated damages incurred during this period of time as a result of submitting monthly reports after the 15th of the month following the performance of covered work is $11,094.22.

12. Further liquidated damages may be determined by an audit which is prayed for in Count I of this complaint.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That Plaintiffs be awarded $11,094.22, as provided for in the applicable agreements and ERISA Section 502(g)(2).

B. That Plaintiffs be awarded such further liquidated damages amounts to be determined by an audit for the period May 1, 2007 through present. Such audit was complained for in Count I.

C. That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

D.  That Defendant be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT III

1-8.  Plaintiffs repeat and reallege Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count III.

9.  Specifically, for the months of December 2007, January 2008 and February 2008, Defendant submitted reports of hours for which contributions were required to be made to the Plaintiffs. Such reports disclosed that Defendant was to pay Plaintiffs the amounts of $19,739.11, $19,784.86 and $15,584.28 for the months of December 2007, January 2008 and February 2008, respectively. (See copies of December 2007, January 2008 and February 2008 contribution reports attached hereto as Exhibit "3")

10.  Payment for contributions for the months of December 2007, January 2008 and February 2008 were due by the fifteenth (15th) of the following month and because they have not yet been received they are considered delinquent. As such, Defendant is obligated to pay contributions in the amount of $55,108.25 to Plaintiffs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  That Plaintiffs be awarded $55,108.25 for contributions owed for the months of December 2007, January 2008 and February 2008, as provided for in the applicable agreements and ERISA Section 502(g)(2).

    B.    That Plaintiffs be awarded such further amounts to be determined by an audit for the period May 1, 2007 through present. Such audit was complained for in Count I.

    C.    That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

    D.    That Defendant be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

    E.    That This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By:    s/ Philip Brzozowski
       One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT 1**

Case 1:08-cv-02376   Document 1   Filed 04/25/2008   Page 8 of 15

# MEMORANDUM OF AGREEMENT

This Agreement is entered into between Plumbers and Pipefitters Local 501 and

__HIGH TECH MECHANICAL, Inc.__ (The Employer):

1. The employer recognizes the Local Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the Craft and Geographic Jurisdiction of the Union with respect to their wages, hours of work, fringe benefits and all other terms and conditions of employment.

2. The employer affirms the Collective Bargaining Agreement between the Union and the Plumbing and Mechanical Contractors Association of Northern Illinois and Midwestern Association for Plumbing-Heating-Cooling Contractors.

3. The Collective Bargaining Agreements between the Association and the Union are incorporated herewith as if they were set forth in full and the Employer acknowledges receipt of a copy of the Collective Bargaining Agreement.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Education Fund, and Industry Fund and to be bound by and considered a party to the Agreements and Declarations of Trust creating such Funds.

5. This Agreement shall remain in full force and in effect through May 31, 2008, shall continue thereafter, unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. In the absence of service of such notice, this Agreement shall automatically renew itself, together with all amendments and improvements as negotiated after said expiration by and between the Union and the above named Association for the new terms of these Agreements.

This Agreement is hereby executed on this __6__ day of __June__, 20__05__ (2005)

FIRM NAME __HIGH TECH MECHANICAL, Inc.__

ADDRESS __296 S. Kinzie Ave.__

CITY __Bradley,__   STATE __IL__   ZIP __60915__

PHONE __(815) 935-0800__

__Leonard Chaplick__
Signature

Title __President__

PLUMBERS AND PIPEFITTERS LOCAL 501

__Larry G. Allport__, Business Manager

PLEASE FILL OUT THIS SHEET COMPLETELY AND RETURN TO LOCAL 501

**EXHIBIT 2**

required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed sixty (60) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA. If such contributions are not received within the period as so extended, said obligations shall be conclusively deemed to include interest computed from the original due date as defined above.

Section 4. <u>DEFAULT IN PAYMENT.</u> The Trustees shall immediately notify the Union and the Association if any contributing Employer is delinquent in the payment of any monies due to the Fund and shall also so notify the delinquent Employer. Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of his obligations to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

The Trustees are authorized to establish a reasonable and lawful grace period within which contributions must be received; contributions not received before the expiration of said period shall be assessed liquidated damages of at least ten percent (10%) of the monies due per month. All Employers who are parties to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, the Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessity of any additional proof thereof. The Trustees may, in their sole discretion, increase the amount of liquidated damages imposed on any delinquent Employer to an amount which is not more than 20% of the contributions found to be due. Among the factors to be considered by the Trustees in exercising this discretion shall be the extent of the collection activity required, the amount of the contributions due, the willfulness of the Employer's failure to make contributions, and other relevant factors.

In addition, the delinquent contributions shall bear interest up to the

**EXHIBIT 3**

Case 1:08-cv-02376    Document 1    Filed 04/25/2008    Page 12 of 15

**NORTHERN ILLINOIS BENEFIT FUNDS**
**DISBURSEMENT ACCOUNT**
P O BOX 94423
CHICAGO, IL 60690
PH (630) 978-4600 FAX (630) 978-4616

HIGH TECH MECHANICAL INC
296 S KINZIE AVE
BRADLEY , IL 60915

EMPLOYER # 00694
(815) 935-0600    (815) 935-0894
BILLING FOR MONTH OF **DECEMBER**
12/2007

| SOC-SEC-NBR | NAME OF EMPLOYEE | TR LVL | LOCAL # | HOURS | UA PAC AUTH | UA PAC HOURS | GROSS WAGES |
|---|---|---|---|---|---|---|---|
| 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 | ANDERSON, ADAM R | J-P | 501 | 136.0 | Y | 136.0 | $5,067.36 |
| 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 | ANDERSON, CRAIG R | J-F | 501 | 136.0 | N | 0.0 | $5,339.36 |
| 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 | BAYER, TIMOTHY R | J-P | 501 | 144.0 | N | 0.0 | $5,365.44 |
| 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 | CRAGUE, JONATHON D | J-P | 501 | 128.0 | Y | 128.0 | $4,769.28 |
| 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 | GROSS, JOHN A | A3 | 501 | 125.0 | Y | 125.0 | $2,795.00 |
| 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 | PELLETIER, ERIC J | A4 | 501 | 129.0 | Y | 129.0 | $3,364.32 |
| 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 | SHERER, ARTHUR P | J-P | 501 | 128.0 | Y | 128.0 | $4,769.28 |

HOURS TOTALS: 926.0    WAGES TOTALS **: $31,470.04

| | | | |
|---|---|---|---|
| TOTAL HOURS | 926.0 | X * PENSION RATE OF $5.99 / HR | $5,546.74 |
| TOTAL HOURS | 926.0 | X * RET FUND RATE OF $4.00 / HR | $3,704.00 |
| TOTAL HOURS | 926.0 | X   H & W RATE OF $8.95 / HR | $8,287.70 |
| TOTAL HOURS | 926.0 | X   EDUCAT RATE OF $1.00 / HR | $926.00 |
| TOTAL HOURS | 926.0 | X   INDUSTRY RATE OF $.30 / HR | $277.80 |
| TOTAL HOURS | 926.0 | X   ITF FUND RATE OF $.05 / HR | $46.30 |
| TOTAL HOURS | 646.0 | X   UAPAC RATE OF $.01 / HR | $6.46 |
| | $31,470.04 | X   CHECKOFF RATE OF $.03 | $944.11 |

TOTAL CONTRIBUTIONS (DUE BY THE 15TH OF THE MONTH) :    $19,739.11

PLEASE SEE LAST PAGE FOR REFERENCE GUIDE & EXCLUSION OF BENEFIT FORM!

Add all additions to the last page of report indicating full name, social security number and local.

Write one check made payable to "Northern Illinois Benefit Funds" for the TOTAL CONTRIBUTIONS shown above. At the beginning of each month a new report will be sent to you listing current employee(s).

THIS REPORT COVERS PAYROLL START DATE:    **11/28/07**    END DATE:    **12/26/07**

NAME OF PERSON WHO PREPARED REPORT:_____ (please print)

NORTHERN ILLINOIS BENEFIT FUNDS
DISBURSEMENT ACCOUNT
P O BOX 94423
CHICAGO, IL 60690
PH (630) 978-4600  FAX (630) 978-4616

HIGH TECH MECHANICAL INC
296 S KINZIE AVE
BRADLEY, IL 60915

EMPLOYER # 00694
(815) 935-0600   (815) 935-0894
BILLING FOR MONTH OF  JANUARY
01/2008

| SOC-SEC-NBR | NAME OF EMPLOYEE | TR LVL | LOCAL # | HOURS | UA PAC AUTH | UA PAC HOURS | GROSS WAGES |
|---|---|---|---|---|---|---|---|
| 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 | ANDERSON, ADAM R | J-P | 501 | 176.0 | Y | 176.0 | $6,557.76 |
| 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 | ANDERSON, CRAIG R | J-F | 501 | 184.0 | N | 0.0 | $7,223.84 |
| 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 | BAYER, TIMOTHY R | J-P | 501 | 32.0 | N | 0.0 | $1,192.32 |
| 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 | CRAGUE, JONATHON D | J-P | 501 | 183.0 | Y | 183.0 | $6,818.59 |
| 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 | GROSS, JOHN A | A3 | 501 | 8.0 | Y | 8.0 | $178.88 |
| 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 | PELLETIER, ERIC J | A4 | 501 | 159.0 | Y | 159.0 | $4,146.72 |
| 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 | SHERER, ARTHUR P | J-P | 501 | 184.0 | Y | 184.0 | $6,855.84 |

HOURS TOTALS: 926.0      WAGES TOTALS **: $32,973.95

| TOTAL HOURS | 926.0 | X * PENSION RATE OF $5.99 / HR | $5,546.74 |
|---|---|---|---|
| TOTAL HOURS | 926.0 | X * RET FUND RATE OF $4.00 / HR | $3,704.00 |
| TOTAL HOURS | 926.0 | X  H & W RATE OF $8.95 / HR | $8,287.70 |
| TOTAL HOURS | 926.0 | X  EDUCAT RATE OF $1.00 / HR | $926.00 |
| TOTAL HOURS | 926.0 | X  INDUSTRY RATE OF $.30 / HR | $277.80 |
| TOTAL HOURS | 926.0 | X  ITF FUND RATE OF $.05 / HR | $46.30 |
| TOTAL HOURS | 710.0 | X  UAPAC RATE OF $.01 / HR | $7.10 |
|  | $32,973.95 | X  CHECKOFF RATE OF $.03 | $989.22 |

TOTAL CONTRIBUTIONS (DUE BY THE 15TH OF THE MONTH):  $19,784.86

PLEASE SEE LAST PAGE FOR REFERENCE GUIDE & EXCLUSION OF BENEFIT FORM!

Add all additions to the last page of report indicating full name, social security number and local.

Write one check made payable to "Northern Illinois Benefit Funds" for the TOTAL CONTRIBUTIONS shown above. At the beginning of each month a new report will be sent to you listing current employee(s).

THIS REPORT COVERS PAYROLL START DATE: 12/26/07   END DATE: 01/29/08

NAME OF PERSON WHO PREPARED REPORT: _____ (please print)

```
                    NORTHERN ILLINOIS BENEFIT FUNDS
                         DISBURSEMENT ACCOUNT
                            PO BOX 94423
                          CHICAGO, IL 60690
                 PH(630)978-4600 FAX(630)978-4616




   HIGH TECH MECHANICAL INC                 EMPLOYER # 00694
   296 S KINZIE AVE                         (815)935-1052    (815)935-0894
                                            BILLING FOR MONTH OF
   BRADLEY       , IL   60915               02/2008
```

| SOC-SEC-NBR | NAME OF EMPLOYEE | TR LVL | LOCAL # | HOURS | UA PAC AUTH | UA PAC HOURS | GROSS WAGES |
|---|---|---|---|---|---|---|---|
| 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 | ANDERSON, ADAM R | J-P | 501 | 152.0 | Y | 152.0 | $5,663.52 |
| 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 | ANDERSON, CRAIG R | J-F | 501 | 152.0 | N | 0.0 | $5,967.52 |
| 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 | CRAGUE, JONATHAN D | J-P | 501 | 142.5 | Y | 142.5 | $5,309.55 |
| 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 | PELLETIER, ERIC J | A4 | 501 | 142.0 | Y | 142.0 | $3,703.36 |
| 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 | SHERER, ARTHUR P | J-P | 501 | 141.0 | Y | 141.0 | $5,253.66 |

```
        HOURS TOTALS:      729.5         WAGES TOTALS**:     $25,897.61

   TOTAL HOURS        729.5    X * PENSION RATE OF  $5.99/HR = $4,369.71
   TOTAL HOURS        729.5    X * RET FUND RATE    $4.00/HR = $2,918.00
   TOTAL HOURS        729.5    X H & W RATE OF      $8.95/HR = $6,529.03
   TOTAL HOURS        729.5    X EDUCAT RATE OF     $1.00/HR = $729.50
   TOTAL HOURS        729.5    X INDUSTRY RATE OF   $0.30/HR = $218.85
   TOTAL HOURS        729.5    X ITF FUND RATE OF   $0.05/HR = $36.48
   TOTAL HOURS        577.5    X UAPAC RATE OF      $0.01/HR = $5.78
   TOTAL WAGES     $25,897.61  X CHECKOFF RATE OF   3.00%    = $776.93

   TOTAL CONTRIBUTIONS (DUE BY THE 15TH OF THE MONTH): $    $15,584.28

   PLEASE SEE LAST PAGE FOR REFERRENCE GUIDE & EXCLUSION OF BENEFIT FORM!
```

Add all additions to the last page of the report indicating full name, social security number, and local.

Write one check made payable to "Northern Illinois Benefit Funds" for the TOTAL CONTRIBUTIONS shown above. At the beginning of each month a new report will be sent to you listing current employee(s).

THIS REPORT COVERS PAYROLL PERIOD START DATE: __1/30/2008__    END DATE: __2/26/2008__


NAME OF PERSON WHO PREPARED REPORT: _____ (please print)